1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LIBERTY LIFE ASSURANCE
     COMPANY OF BOSTON,

11
             Plaintiff,              No. CIV S-08-501 LKK KJM PS

12
         vs.

13
     EMMA BEECHAM, et al.,

14
             Defendants.             FINDINGS AND RECOMMENDATIONS

15
     _____/

16
             This matter came on regularly for hearing on plaintiff's motion for appointment of

17
     guardian ad litem and status conference on August 13, 2008.  After a break in the hearing, the

18
     parties advised the court the matter had settled.  A further hearing was held before the

19
     undersigned regarding the settlement on August 20, 2008, after which the parties presented a

20
     signed copy of a proposed Consent Order of Judgment and Dismissal and Discharge for filing.

21
     The minor defendants were present at the August 20 hearing, and were informed of the terms of

22
     the settlement and afforded an opportunity to be heard thereon.  Under Rule 54 of the Federal

23
     Rules of Civil Procedure and upon the Complaint, the stipulation of the Parties herein, and the

24
     Parties' joint request for approval of the Consent Order of Judgment and Dismissal and

25
     Discharge, and good cause appearing, THE COURT FINDS AS FOLLOWS:

26
                                    1

1

**STIPULATED FINDINGS OF FACT**

2      1.  This is an interpleader action, pursuant to Rule 22(1) of the Federal Rules of

3  Civil Procedure, seeking declaratory judgment pursuant to 28 U.S.C. § 2201 and equitable relief

4  pursuant to 29 U.S.C. § 1132(a) of the Employee Retirement Income Security Act of 1974, as

5  amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

6      2.  Plaintiff Liberty Life Assurance Company of Boston ("Liberty Life") filed this

7  action to determine the proper recipient for life insurance proceeds in the amount of $25,000.00

8  ("Proceeds") payable by reason of the death of Jacquelyn Beecham-Thomas ("Decedent"), who

9  was insured under a group life insurance policy ("Policy") issued by Liberty Life to The

10  McClatchy Company ("McClatchy") for purposes of providing certain death benefits to

11  employees of McClatchy and associated companies, including the Decedent's direct employer,

12  The Sacramento Bee (hereafter, "Employer").

13      3.  The Policy was issued pursuant to the McClatchy life insurance plan

14  ("McClatchy Plan"), which provides life insurance benefits for its employees.  As such, the

15  Policy formed part of the McClatchy Plan.

16      4.  The Decedent had $25,000.00 in basic group life insurance coverage under the

17  Policy.  Thus, the total death benefit under the Policy payable by reason of Decedent's death is

18  $25,000.00 ("Proceeds").

19      5.  B.J.T. and B.L.T., the natural children of Decedent, are minors in the care and

20  legal custody of their father, Defendant Howard Thomas ("Thomas"), who appears and acts

21  herein on behalf of B.J.T. and B.L.T (collectively, the "Minors").  Thomas was married to

22  Decedent at the time of her death.

23      6.  Defendant Emma Beecham ("Beecham") is the mother of the Decedent.

24      7.  Plaintiff filed this action for interpleader because Defendants Thomas and

25  Beecham asserted conflicting claims to the Proceeds.

26  /////

1    8.  Defendants each hereby stipulate to, or otherwise waive any objections to, the

2    Court's personal jurisdiction over each Defendant.

3    9.  Pursuant to the terms of the Policy, Liberty Life has sole discretion for the

4    determination of claims under the Policy and to interpret its terms.

5    10.  Decedent died on November 24, 2007.

6    11.  On December 11, 2007, Decedent's Employer provided Liberty Life with a

7    copy of Decedent's death certificate and a copy of a beneficiary designation form signed by

8    Decedent on September 28, 1987.  This beneficiary designation form designated Defendant

9    Thomas as the sole primary beneficiary of the Proceeds and designated Defendant Beecham as

10   the sole contingent beneficiary.  On the same date, the Employer also provided Liberty Life with

11   a copy a Proof of Death Form prepared and signed on December 11, 2007 by the Health and

12   Welfare Manager of Decedent's Employer. This document states that Defendant Thomas is the

13   sole designated beneficiary for the Proceeds, and was signed by Defendant Thomas on November

14   26, 2007.

15   12.  On December 13, 2007, Decedent's Employer provided Liberty Life with a

16   Change of Beneficiary form which indicates it was signed by Decedent on August 18, 2005

17   ("2005 Beneficiary Change Form").  This form indicates the Proceeds are to be paid solely to

18   Defendant Beecham, as "Executrix" for the benefit of the Minors in equal shares.

19   13.  Liberty Life unsuccessfully encouraged the Defendants to reach a private

20   settlement of their dispute before it filed this action for interpleader.

21   14.  Liberty Life does not claim any interest in the Proceeds at issue in this matter,

22   but could not safely pay any of the claimants without subjecting itself to potential litigation and

23   multiple or inconsistent liability regarding the Proceeds because of the conflicting claims of the

24   Defendants.

25   /////

26   /////

3

1     15.  Liberty Life has incurred no independent liability to any of the adverse

2  claimants and did not create the situation that caused the conflicting claims, nor has it advocated

3  in favor of either claimant.

4     16.  On May 13, 2008 Plaintiff deposited TWENTY-FIVE THOUSAND THREE

5  HUNDRED NINETY-SEVEN DOLLARS AND NINETY-FIVE CENTS ($25,397.95) with the

6  Court, representing the full value of the Proceeds payable because of Decedent's death, plus

7  accrued interest.  The Proceeds are being held by the Court in an interest-bearing account.

8     17.  Defendants have agreed to resolve their dispute regarding the Proceeds on the

9  following terms:

10          a.  Defendant Thomas shall receive FIFTY PERCENT (50%) of the

11  Proceeds on deposit with the Court, less FIFTY PERCENT (50%) of any applicable costs and

12  fees as required by law and/or this Court's local rules relating to the management of the

13  interpleaded funds by the Court;

14          b.  Defendant Beecham shall receive FIFTY PERCENT (50%) of the

15  Proceeds on deposit with the Court, less FIFTY PERCENT (50%) of any applicable Court costs

16  and fees as required by law and/or this Court's local rules relating to the management of the

17  interpleaded funds by the Court, **which amount Beecham shall hold in trust for the sole**

18  **benefit of the minors in equal shares**;

19          c.  The Parties shall bear their own costs and attorneys' fees.

20     18.  The Defendants, and Plaintiff through its counsel, stipulate and consent to the

21  dismissal of this action, with prejudice, upon payment of said funds from the Court, and to the

22  discharge of Liberty Life, McClatchy, Decedent's Employer – The Sacramento Bee, and the

23  McClatchy Plan from any and all liability to all Defendants associated in any manner with the

24  Proceeds or the Policy, as ordered by the Court below.

25  /////

26  /////

1

**STIPULATED CONCLUSIONS OF LAW**

2      1. The McClatchy Plan is an employee welfare benefit plan governed by ERISA.

3  Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C.

4  § 1331 and 29 U.S.C. § 1332(e) of ERISA.

5      2. This Court also has original jurisdiction in this matter pursuant to the

6  provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought

7  to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding Defendants' respective rights and

8  interests to and in the ERISA-governed insurance benefits provided by the McClatchy Plan. Each

9  Defendant claims to be the rightful beneficiary for the Proceeds at issue herein.  As such, each

10  Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C.

11  § 1132(a)(1)(B) of ERISA.  Accordingly, federal question jurisdiction exists for the Court's

12  declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

13      3. Liberty Life is a fiduciary within the meaning of ERISA pursuant to its

14  discretionary authority for determination of claims under the McClatchy Plan.

15      4. The conflicting claims and interests of the Defendants are ripe for resolution

16  and justify the relief sought by Liberty Life through interpleader

17      5. Liberty Life, as an ERISA fiduciary for the McClatchy Plan, properly instituted

18  this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22 of

19  the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, and 29 U.S.C. § 1132(a)(3) of ERISA.

20      6. Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, and upon the

21  pleadings and other documents on file with the Court and the testimony presented by the Parties,

22  including the Minors, at the hearing conducted on August 20, 2008, the Court finds that

23  appointment of a guardian ad litem to represent the interests of the Minors in this matter is

24  unnecessary.  The Court specifically finds that it is in the respective best interests of the Minors,

25  and in the best interests of all the Parties, that Defendant Thomas be permitted and authorized by

26  the Court to represent the respective interests of the Minors in this matter, including for the

1  purpose of compromising the respective claims of the Minors, such that his actions shall be

2  conclusive and legally binding upon the Minors, now and in the future. The Court finds its

3  authority to so bind the Minors arises pursuant to its power to grant equitable relief to enforce the

4  provisions of ERISA and the terms of the McClatchy Plan pursuant to 29 U.S.C.

5  § 1132(a)(3)(B)(ii) of ERISA. The Court further finds such equitable relief is appropriate under

6  the circumstances of this case, in order to achieve a comprehensive resolution of all of the

7  Parties' rights and responsibilities, including those of the Minors, in a timely and cost effective

8  manner notwithstanding the current status of B.J.T. and B.L.T. as minors.

9          7.  The Court further finds, upon the pleadings and other documents on file with

10 the Court and the testimony presented by the Parties, including the Minors, at the hearing

11 conducted on August 20, 2008, that the agreed terms of this Consent Order for distribution of the

12 Proceeds on deposit with the Court, including the discharge of claims and injunctions stipulated

13 to herein, are reasonable and fair to all Parties, including the Minors.

14         8.  The Court finds that by instituting this interpleader action and by depositing

15 the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the

16 obligations of McClatchy, Decedent's Employer – The Sacramento Bee, and the McClatchy Plan,

17 with respect to any claims relating to the Policy and/or the Proceeds by the Defendants, including

18 any such claims of the Minors.

19         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court serve one

20 copy each of these findings and recommendations on "B.J.T." and "B.L.T" at the address of

21 defendant Howard Thomas, as shown on the proposed Consent Order filed on August 21, 2008

22 (docket no. 26).

23         IT IS HEREBY RECOMMENDED that the district judge assigned to this action

24 enter an order in the form attached as Exhibit "A" to these findings and recommendations.

25 /////

26 /////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to any objections

6  shall be served and filed within five days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  August 21, 2008.

10

11  _____
   U.S. MAGISTRATE JUDGE

12

13

14

15  006
   libertylife.sett

16

17

18

19

20

21

22

23

24

25

26

Exhibit "A"

**ORDER**

FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES'
STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  The Clerk shall deduct from the Proceeds on deposit with the Court any
applicable costs and fees as required by law and/or this Court's local rules relating to the
management of the interpleaded funds by the Court.

2.  The Clerk of Court shall issue a check to Defendant Thomas for FIFTY
PERCENT (50%) of the remaining Proceeds on deposit with the Court after the deduction of
costs and fees as specified above, if any, to be mailed to Thomas's address specified beneath his
signature on the proposed Consent Order he signed on August 20, 2008 (docket no. 26).

3.  The Clerk of Court shall issue a check to Defendant Beecham for the
remainder of the Proceeds on deposit with the Court after the deduction of costs and fees, if any,
and the payment to Thomas as specified above, to be mailed to Beecham's address specified
beneath her signature on the proposed Consent Order she signed on August 20, 2008 (docket no.
26) .

4.  Defendant Beecham shall hold the Proceeds distributed to her pursuant to this
Order in trust for the sole benefit of the Minors in equal shares.

5.  Liberty Life, McClatchy, Decedent's direct employer – The Sacramento Bee,
and the McClatchy Plan are fully and finally discharged from any and all further liability as to
any claim of the Defendants, including the Minors, relating in any manner to the Proceeds and/or
the Policy, including, but not limited to, attorneys' fees and costs.

1         6.  Defendants, including the Minors, are permanently enjoined from instituting or

2   prosecuting any other proceeding against Liberty Life, McClatchy, Decedent's Employer – The

3   Sacramento Bee, or the McClatchy Plan that is related in any manner to the Proceeds and/or the

4   Policy.  See 28 U.S.C. § 2283.

5         7.  The Parties shall bear their own costs and attorney's fees.

6         8.  This matter is hereby dismissed.

7         IT IS SO ORDERED.

8   DATED:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26